# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOOL PRODUCTS LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANGELCARE CANADA INC.,**<br><br>**Defendant.** | **Civil Action No.**<br><br>**ECF CASE** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Jool Products LLC ("Plaintiff" or "Jool Baby") by and through its undersigned attorneys, STERN & SCHURIN LLP, as and for its Complaint for Declaratory Judgment against Angelcare Canada Inc.  ("Defendant" or "Angelcare"), alleges as follows:

## NATURE OF ACTION

1.      This is an action for Declaratory Judgment arising under the patent laws of the United States, 35 U.S.C. § 101 et seq., for a declaration that U.S. Patent 10912422 ("the '422 patent"), entitled Baby Bath-Support Device, is not infringed by Jool Baby, and is invalid and/or unenforceable. Attached hereto as **Exhibit A** is a copy of the '422 patent.

2.      This lawsuit involves Angelcare's wrongful claim of patent infringement intended to eliminate competition on the Amazon.com platform.  In particular, Angelcare accuses Jool Baby of patent infringement by virtue of its advertising, importation, offer for sale and sale of a competing baby bather product to consumers via the Amazon.com platform.

3.      This is now the second time that Angelcare has wrongfully asserted infringement of its patent rights against Jool Baby in connection with the very same product in order to

foreclose legitimate competition in the marketplace which benefits consumers who purchase baby products on the Amazon.com platform.

4.      In view of the wrongful claim of patent infringement asserted by Angelcare, Jool Baby is compelled to seek a declaration of non-infringement of the '422 patent, and/or its invalidity and/or enforceability thereof.

## **THE PARTIES**

5.      Jool Baby is a limited liability company organized and existing under the laws of the State of New Jersey located at 411 Boulevard of the Americas, Lakewood, New Jersey 08701.

6.      Jool Baby designs, manufactures, advertises, markets, promotes, offers for sale, and sells baby products to the public through its online store on the Amazon.com platform and on its own website located at www.joolbaby.com.  Jool Baby is a respected leader in childcare product design and stands at the forefront of this industry.  Jool Baby's products include baby safety products, baby bath products, potty products and several other items directed to baby care.

7.      Upon information and belief, Angelcare is a Canadian entity with a physical address and headquarters located at 250-2000 McGill College, Montréal QC H3A 3H3, Canada.

8.      Angelcare is in the business of advertising, marketing, promoting, developing, offering for sale, and selling a variety of baby products.  Its website is located at www.angelcarebaby.com.

9.      Upon information and belief, in communications with Amazon.com, Angelcare has identified its corporate parents, subsidiaries and other related entities as "Angelcare USA, LLC," "International Refills Company Limited" and "Le Holding Angelcare Inc."

10.     Upon information and belief, one or more of these entities may be indispensable parties to this suit.  Therefore, Jool Baby reserves the right to add one or more of these entities as parties to this patent infringement suit should discovery reveal that these parties are indispensable or necessary parties.

11.     Upon information and belief, Angelcare, both by itself and with its United States "partner," Angelcare USA LLC, listed on its website, www.angelcarebaby.com/pages/our-partners, does a substantial amount of business in the State of New Jersey and in this judicial district.

12.     Upon information and belief, Angelcare, both by itself and with its United States "partner," Angelcare USA LLC, advertises, markets, promotes, offers for sale, and sells baby bath products which are at issue in this lawsuit, in the State of New Jersey and in this judicial district.

13.     Upon information and belief, Angelcare, both by itself and with its United States "partner," Angelcare USA LLC, sells baby products throughout the United States, including in the State of New Jersey and in this judicial district.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Patent Act, 35 U.S.C. § 101, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

15.     This Court also has diversity jurisdiction over this dispute under 28 U.S.C. §1332(b) since the matter in controversy exceeds $75,000 and the dispute is between a citizen of the State of New Jersey and a foreign citizen.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and §1400 because a substantial part of the events giving rise to the claims in this Complaint occurred in this judicial district.

17.     Upon information and belief, there is personal jurisdiction over Angelcare since Angelcare is doing business in New Jersey and in this judicial district, transacts business within New Jersey and in this judicial district, derives substantial revenue from intra-state and inter-state commerce and is otherwise within the jurisdiction of this Court.

18.     Upon information and belief, there is personal jurisdiction over Angelcare by virtue of its claim of infringement of claim 1 of the '422 patent and by virtue of patent enforcement proceedings instituted against Jool Baby with Amazon.com wherein Angelcare asserts infringement of the '422 patent against Jool Baby.   In particular, the notice received from Amazon.com asserts a claim of patent infringement as follows:

> We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 10,912,422.
>
> If you wish to continue selling the items listed at the end of the email, you have two choices.
>
> First, you can choose to resolve your claim with the patent owner directly within the next three weeks. If we receive a retraction from the patent owner within the next three weeks, we will allow you to continue selling the items listed at the end of this email. The patent owner's contact information is as follows:
>
> Angelcare Canada Inc
> alexandre.caya@nortonrosefulbright.com
> 250-2000 McGill College Montréal QC H3A 3H3 Canada
>
> If the patent owner agrees to retract their complaint, they must send the retraction directly to us at patentevaluation@amazon.com. Forwarded retractions will not be accepted. Another option is to resolve the claim with the patent owner in a federal district court case. If you are already engaged in a patent lawsuit with the patent owner, or if you file a lawsuit against the patent owner for declaratory judgment of non-infringement of the asserted

patent, please provide us with a copy of the relevant complaint within the next three weeks, and you may continue selling the items listed at the end of the email while the lawsuit proceeds.

Second, you can choose to participate in neutral evaluation of the patent owner's claim. Amazon's neutral evaluation procedure is described in the attached document titled "Amazon Patent Evaluation Express Procedure." Please read this document carefully and note that payment of a deposit is required. If you choose to participate in the neutral evaluation, you must agree to the attached Amazon Patent Evaluation Express Agreement, complete Exhibit 2 of the Agreement, "Seller-Supplied Information," and return the completed Agreement to patent-evaluation@amazon.com within three weeks.

Please note that participation in the evaluation process does not guarantee that you will be able to continue to sell the items listed at the end of this email following the evaluation. If the evaluator decides that the items likely infringe, we intend to remove them from Amazon.com. If, however, the evaluator decides the items likely do not infringe, we will not remove your listings from Amazon.com, and your deposit may be refunded in part or in full.

If you do not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, we will remove the listings at the end of this email from Amazon.com.

*See* **Exhibit B**, Amazon Notice dated October 17, 2023

19.     In view of the allegations by Angelcare that Jool Baby is infringing Angelcare's patent rights in the '422 patent, Jool Baby's intention at the present time to continue to conduct its business and activities establishes an actual controversy between Jool Baby and Angelcare regarding the non-infringement, invalidity and unenforceability of the '422 patent asserted against Jool Baby.

## **STATEMENT OF FACTS**

**A.     The '422 Patent and Jool Baby's Non-Infringement Thereof**

20.     The '422 patent is a United States utility patent that covers a baby bath-support device.

21.     The sole inventor named in the '422 patent is Michel Morand.

22.     The Assignee named in the '422 patent is the Defendant, Angelcare Canada Inc.

5

23.    The '422 patent claims priority to U.S. provisional patent application 61533375 filed on September 12, 2011.

24.    After nearly a decade of prosecution, the '422 patent was issued on February 9, 2021.

25.    The '422 patent has only one independent claim, namely, claim 1.

26.    Claim 1 covers a baby bath-support device having a number of features and limitations including, "a connection arrangement between the frame and the support for hanging the support panel at the peripheral edge such that the support panel is hung to the frame to cover at least partially the opening."

27.    The Jool Baby baby bather products which are accused of infringement by Angelcare are available for sale on Amazon.com under ASINs B0BBSRZFMJ and B0BV54FC9B. *See* https://www.amazon.com/Baby-Bath-Support-Bathing-Bathtub/dp/B0BBSRZFMJ and https://www.amazon.com/Baby-Bather-Plus-Thermometer-Slip-Resistant/dp/B0BV54FC9B/ref=sr_1_1?crid=5Z5EYMG732LV&keywords=B0BV54FC9B&qid=1699290523&s=baby-products&sprefix=b0bv54fc9b%2Cbaby-products%2C50&sr=1-1

28.    Notably, neither of the Jool Baby baby bather products which are accused of infringement by Angelcare incorporate all of the features and limitations of claim 1 of the '422 patent.

29.    The baby bather products advertised, offered for sale and sold by Jool Baby on Amazon.com under ASINs B0BBSRZFMJ and B0BV54FC9B do not have "a connection arrangement between the frame and the support for hanging the support panel at the peripheral edge such that the support panel is hung to the frame to cover at least partially the opening," which is required by claim 1.

30.    Indeed, the Jool Baby baby bathers do not have a connection arrangement between the frame and support for "hanging" a support panel, where the support panel is "hung" to a frame.

31.    As illustrated in the picture and figure below, there is no arrangement where a support panel is hung to a frame.



32.    Notwithstanding the clear and obvious lack of patent infringement, Angelcare has filed an infringement complaint with Amazon.com, which was communicated to Jool Baby, and which is now the subject of this dispute. *See* **Exhibit B**, Amazon Notice dated October 17, 2023.

33.    The Amazon notice confirms that Amazon received a report from Angelcare, which asserts that the Jool Baby baby bathers listed under ASINs B0BBSRZFMJ and B0BV54FC9B infringe the '422 patent.

34.    Based on the false accusations and complaint filed by Angelcare to Amazon, Jool Baby is compelled to institute this action seeking a declaration of non-infringement, invalidity and enforceability of the '422 patent so that Jool Baby may continue its normal business operations without further interruption from Angelcare.

**B.      This Is Now the Second Time Angelcare Has Asserted an Infringement Claim Against Jool Baby**

35.      This is now the second time that Angelcare has asserted a claim of patent infringement against Jool Baby that is without merit.

36.      In particular, on June 22, 2023, Angelcare first filed a complaint of patent infringement with Amazon.com asserting a claim of infringement of claim 16 of a Canadian patent, Canadian Patent 2848529 ("the '529 patent"), which covers the very same baby bath-support device that is covered in the '422 patent. *See* **Exhibit C**, Amazon.com Notice dated June 22, 2023, Complaint ID 13099671301.

37.      The June 22, 2023 Amazon Notice references infringement by the Jool Baby baby bather product sold under ASIN BOBV54FC9B.  This is one of two products which Angelcare now accuses of infringement of the '422 patent.

38.      As stated in the June 22, 2023 Amazon.com Notice, based upon Angelcare's infringement complaint, Amazon.com immediately removed Jool Baby's listings, resulting in losses of sales of its baby bather products.

39.      The limitations covered in the Canadian '529 patent are virtually the same as the limitations of the '422 patent. *See* **Exhibit D**, Canadian Patent 2848529.

40.      For example, claim 1 of the '422 patent and claim 1 of the Canadian '529 patent – which was also more recently asserted by Angelcare – are essentially indistinguishable from one another:

| Claim 1 United States '422 Patent | Claim 1 Canadian '529 Patent |
|---|---|
| A baby bath-support device comprising:<br><br>a frame having a generally rigid body adapted to be positioned on a surface of a bathing tub or sink, the frame defining an opening in an upper portion, the opening comprising a peripheral edge, a bottom edge of the frame having a footprint greater than or equal to a footprint defined by the peripheral edge;<br><br>a support panel made of a flexible material and defining a concave support surface adapted to support a baby laid thereon during bathing, the support panel having a plurality of perforations through the concave support surface to allow a fluid to flow therethrough; and<br><br>**a connection arrangement between the frame and the support for hanging the support panel at the peripheral edge such that the support panel is <u>hung to the frame to cover at least partially the opening.</u>** | A baby bath-support device comprising:<br><br>a frame having a generally rigid body adapted to be positioned on a surface of a bathing tub or a sink, the frame defining an opening in an upper portion, the opening comprising a peripheral edge, a bottom edge of the frame having a footprint greater than or equal to a footprint defined by the peripheral edge;<br><br>a support panel made of a flexible material and defining a concave support surface adapted to support a baby laid thereon during bathing, the support panel having a plurality of perforations through the concave support surface to allow a fluid to flow therethrough; and<br><br>**a connection arrangement between the frame and the support for hanging the support panel at the peripheral edge such that the support panel is <u>hung to the frame to cover at least partially the opening.</u>** |

41.     To defend against the claim of patent infringement, Jool Baby retained the law firm, MBM Intellectual Property Law, to evaluate and respond to the claim of patent infringement asserted by Angelcare with respect to its Canadian patent covering the same product.

42.     On July 31, 2023, after conducting their evaluation, Jool Baby's counsel contacted Angelcare's counsel with a detailed letter explaining why the Jool Baby baby bather does not infringe claim 16 of the Canadian '529 patent. *See* **<u>Exhibit E</u>**, Letter from MBM dated July 31, 2023 ("MBM July Letter").

43.     The MBM July Letter explains in great detail why Jool Baby's product does not infringe claim 16 of the Canadian '529 patent.

44.     Notably, the MBM July Letter points out that Angelcare omitted an "essential element" from its Complaint to Amazon.com, thus mischaracterizing the scope of claim 16 since it misled Amazon into believing that the accused product infringed the '529 patent when it did not. *Id.*

45.     At its conclusion, the MBM July Letter demands, *inter alia*, that Angelcare retract its Complaint to Amazon.com.

46.     Shortly thereafter, by phone call dated August 4, 2023, Angelcare agreed to retract its Complaint to Amazon.com asserting infringement of claim 16 of the Canadian '529 patent.

47.     However, during the same call, Angelcare asserted claims 1 and 15 of the Canadian '529 patent.

48.     By letter dated September 5, 2023, Jool Baby's counsel prepared and sent another letter explaining why claims 1 and 15 were also not infringed by Jool Baby. *See* **Exhibit F**. Letter from MBM dated September 5, 2023 ("MBM September Letter").  In particular, the letter explains:

> The Product does not have a connection arrangement between the frame and the support for hanging the support panel at the peripheral edge such that the support panel is hung to the frame. Moreover, even if the Product has a connection arrangement, which is vehemently denied, it is not for the purposes of hanging the support panel. In all, the Product's support panel is not hung to the frame but rather is fused to the frame. (Emphasis in original)



NOT HOOK STRUCTURE

49.     On September 25, 2023, Angelcare's counsel confirmed that Angelcare retracted its complaint with Amazon vis-à-vis its Canadian patent.

50.     As presented above in the table comparing claim 1 of the '422 patent and claim 1 of the '529 patent, there are no significant distinctions between the limitations of these claims, the latter of which was already asserted and then retracted by Angelcare.

51.     For these and other reasons expressed therein, Jool Baby does not infringe any of the claims of the Canadian '529 patent. And based on the lack of a support panel hung to a frame, the Jool Baby baby bather also does not infringe claim 1 of the '422 patent.

52.     Insofar as Jool Baby has already explained to Angelcare how its baby bather does not infringe the claim limitations of the '422 patent, Angelcare has no valid justification for filing another infringement complaint with Amazon for the very same subject matter and complaint that it recently retracted.

53.     Upon information and belief, the purposes of Angelcare's actions are to cause disruption to Jool Baby's business and to stifle competition so that consumers cannot purchase Jool Baby's non-infringing alternative baby bather product.

54.     Upon information and belief, Angelcare understands that its claim of infringement is frivolous and has no reasonable chance of success.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

55.     Jool Baby repeats and realleges each of the preceding allegations in paragraphs as though fully set forth herein.

56.     An actual controversy has arisen and now exists between Jool Baby and Angelcare concerning whether Jool Baby has infringed and is infringing claim 1 of the '422 patent.

57.     Jool Baby has not infringed and does not infringe claim 1 or any other claim of the '422 patent.

58.     In particular, the manufacture, importation, advertisement, marketing, promotion, use, offer for sale and/or sale in the United States by Jool Baby of baby bathers accused by Angelcare do not infringe either literally or under the doctrine of equivalents, any of the claims of the '422 patent.

59.     Jool Baby does not contribute to the infringement of, or induce others to infringe, any of the claims of the '422 patent, nor has it ever done so.

60.     By virtue of the foregoing, Jool Baby desires a judicial determination of the parties' rights and duties with respect to the '422 patent.

61.     By virtue of the foregoing, Jool Baby desires a judicial determination of the parties' rights and duties with respect to the '422 patent asserted by Angelcare.

62.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

63.     This is also an exceptional case which entitles Jool Baby to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

64.     Jool Baby repeats and realleges each of the preceding allegations in paragraphs as though fully set forth herein.

65.     An actual controversy has arisen and now exists between Jool Baby and Angelcare concerning whether the '422 patent is invalid and/or unenforceable.

66.     Upon information and belief, the claims of the '422 patent are invalid and/or unenforceable for failing to comply with one or more conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or the rules, regulations and laws pertaining thereto.

67.     By virtue of the foregoing, Jool Baby desires a judicial determination of the parties' rights and duties with respect to the '422 patent asserted by Angelcare.

68.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

69.     This is also an exceptional case which entitles Jool Baby to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Jool Baby prays for judgment against Angelcare as follows:

A.      For judgment declaring that Angelcare's '422 patent is not infringed by Jool Baby;

B.      For judgment declaring that Angelcare's '422 patent is invalid and/or unenforceable; and

C.      For judgment declaring this case to be exceptional within the meaning of 35

U.S.C. § 285;

D.      For judgment awarding Jool Baby its costs, expenses and reasonable attorneys

fees as permitted by law; and

E.      For judgment awarding Jool Baby such other and further relief as the Court may

deem just and proper.


By: */s/ Steven M. Crosby*

Steven M. Crosby
**CROSBY IP LAW LLC**
3 Colin Street
East Brunswick, NJ 08816
Telephone: (908) 705-4997
Email: steve.crosby@mac.com

**STERN & SCHURIN LLP**
*Attorneys for Plaintiff*
595 Stewart Avenue, Suite 510
Garden City, New York 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

Steven Stern (SS5203)
STERN & SCHURIN LLP
**(PRO HAC VICE APPLICATION
FORTHCOMING)**


Dated:  November 7, 2023
        Garden City, New York